UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW DAVID WETZEL | CIVIL ACTION |
| VERSUS | NO. 13-2487 |
| ROBERT C. TANNER, ET AL. | SECTION "B"(3) |

### ORDER AND REASONS

Plaintiff, Andrew David Wetzel, is a prisoner currently incarcerated in the David Wade Correctional Center. He is a frequent filer of frivolous lawsuits in the federal courts.

Wetzel filed the instant complaint pursuant to 42 U.S.C. § 1983 against multiple defendants from Rayburn Correctional Center (RCC) and also from David Wade Correctional Center (DWCC). His claims against the RCC defendants stem from alleged sexual assaults he sustained in that facility in April and May 2012. His claims against the DWCC defendants stem from an alleged assault on March 25, 2013, as well as the alleged denial of proper medical care and mental health treatment. He requests monetary compensation. (Rec. Doc. No. 1, Complaint).

With his complaint, plaintiff submitted an application to proceed in forma pauperis pursuant to Title 28 U.S.C. § 1915. This is a non-dispositive pretrial matter which was referred to the undersigned magistrate judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b).

The Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321, now codified at Title 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

The court's records establish that plaintiff has filed over 30 civil lawsuits in this court. At least four of his prior civil complaints, filed while he was incarcerated, were dismissed as frivolous and/or for failure to state a claim. These include, but are not limited to, the following: *Andrew David Wetzel v. Slidell Police Department, et al.*, Civil Action No. 09-0014 "J"(3); *Andrew David Wetzel v. St. Tammany Parish Jail, et al.*, Civil Action No. 09-0025 "A"(5); *Andrew D. Wetzel v. Hammond Police Department, et al.*, Civil Action No. 09-0128 "D"(4); *Andrew David Wetzel v. Rodney J. Strain, Jr., et al.*, Civil Action No. 09-7048 "A"(1). Wetzel has previously been barred on numerous occasions from proceeding with his civil complaints as a pauper in this court pursuant to 28 U.S.C. §1915(g). *See e.g.*, *Andrew D. Wetzel v. Thomas McNulty, et al.*, Civil

Action No. 10-4014 "J"(4); *Andrew D. Wetzel v. Kevin Swann, et al.*, Civil Action No. 10-4012 "C"(1); *Andrew D. Wetzel v. Robert F. Chadwick, III, et al.*, Civil Action No. 10-4013 "I"(5); *Andrew David Wetzel v. Jack Strain, Jr., et al.*, Civil Action No. 10-3587 "B"(3).  He has also been afforded the opportunity to raise complaints similar to the ones at issue despite the §1915 (g) bar.  *See* Civil Action No. 12-1550 "A"(2) (his complaint involved multiple alleged incidents of sexual assault in RCC and also in Elayn Hunt Correctional Center).

Although Wetzel attempts to avoid the bar in this case by asserting that he is in imminent danger of serious physical injury, his allegations do not support this assertion. The imminent danger of serious physical injury must be ongoing and exist at the time of filing the complaint; allegations of past harms or dangers do not suffice.  *Cloud v. Stotts*, 455 Fed. Appx. 534 (5th Cir. 2011); *Banos v. O'Guinn*, 144 F.3d 883, 884 (5th Cir. 1998); *Comeaux v. Broom*, 2012 WL 4739576 (N. D. Tex. 2012).

Wetzel is no longer incarcerated in Rayburn Correctional Center.  In September 2012, he was transferred to David Wade Correctional Center. Allegations of past incidents in RCC and DWCC do not suffice.  Nor does this court have jurisdiction to consider any claims of injury that occurred in DWCC, which is located within the boundaries of the Western District of Louisiana.  Consequently, plaintiff is <u>not</u> entitled to proceed in forma pauperis pursuant to the provisions of the Prison Litigation Reform Act.

For the foregoing reasons,

**IT IS ORDERED** that Andrew David Wetzel's motion to proceed in forma pauperis is **DENIED**.  28 U.S.C. § 1915(g).

New Orleans, Louisiana, this 30th day of April, 2013.

                                  **DANIEL E. KNOWLES, III**
                                  **UNITED STATES MAGISTRATE JUDGE**